870 F.2d 655
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank ROBBINS, Plaintiff-Appellant,
v.
Alexander LAPTEFF, d/b/a Lapteff Associates, Defendant-Appellee.
 No. 88-3548.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 13, 1989.
Decided March 7, 1989.
 
 E.D.Va.
 AFFIRMED.
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CA-87-487-A).
 Andrew A. Raptis for appellant.
 Ann-Mac Cox (Elizabeth L. Lewis, McGuire, Wood, Battle & Boothe on brief) for appellee.
 Before HARRISON L. WINTER, K.K. HALL, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this appeal we must determine whether the parties reached a settlement agreement which included a confidentiality provision in a dispute alleging violations of wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. Sec. 201 et seq. (1982). The district court held a settlement agreement, including a confidentiality provision, had been reached. We affirm.
 
 I.
 
 2
 On May 4, 1987, plaintiff Frank Robbins filed an action against defendant Alexander Lapteff, d/b/a Lapteff Associates, alleging a violation of certain wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. Sec. 201 et seq. (1982). After a period of negotiations, plaintiff and defendant reached a settlement agreement. They agreed that 1) defendant Lapteff Associates would pay a total settlement amount of $10,000.00 of which $4,000.00 would be paid upon execution of the agreement and the balance would be paid within one year in installments of $500.00 per month; 2) plaintiff would dismiss the lawsuit and release all claims; and 3) defendant would not admit liability. Defendant contends they also agreed to a confidentiality provision whereby plaintiff would not disclose the terms of the settlement.
 
 
 3
 On February 2, 1988, plaintiff's counsel received defendant's written settlement agreement which contained the above three terms and a confidentiality provision. Plaintiff's attorney responded the same day with another draft agreement, also containing a confidentiality provision. On February 5, 1988, before the agreement was signed, defendant believed that plaintiff had breached the confidentiality of the agreement by disclosing the terms of the agreement to third parties. Defendant then filed a motion on February 11, 1988, to enforce the settlement agreement and to dismiss the case.
 
 
 4
 Defendant contended that plaintiff agreed to keep confidential the terms of the agreement on January 29, and that plaintiff had violated the January 29 agreement by disclosing the terms of the agreement to third parties. Plaintiff denied that he had agreed to a confidentiality provision on January 29, although he acknowledged that subsequent to that date, he had disclosed the terms of the agreement to third parties.
 
 
 5
 On February 19, 1988, the district court, applying Virginia law, concluded that the parties had entered into a settlement agreement which included a confidentiality provision. The court did not determine if the agreement had been breached. Subsequently, on February 29, 1988, plaintiff moved for reconsideration and an evidentiary hearing on counsel's authority to settle the case with a confidentiality provision as one of the terms of the settlement. After an evidentiary hearing on March 25, 1988, the court reaffirmed its finding of a complete settlement agreement and found that counsel for plaintiff had authority to settle the case on terms found by the court on February 19, 1988. Plaintiff appeals.
 
 II.
 
 6
 A contract exists where the parties reach a meeting of the minds on the material terms of the agreement. Chittum v. Potter, 219 S.E.2d 859, 863 (Va.1975). Plaintiff contends that while he agreed to some material terms on January 29, 1988, he did not agree to a confidentiality provision and, consequently, there was no binding settlement on January 29.
 
 
 7
 The district court did not err in finding that the parties had entered into a settlement agreement in this case which included a confidentiality provision. Defendant's counsel, on February 19, 1988, testified there was no doubt that on January 29, 1988, a settlement agreement was reached which included a confidentiality provision. Also, on February 19, plaintiff's counsel expressly told the court that a confidentiality provision was a part of the agreement and that a violation of the provision would be a breach of the agreement. In addition, plaintiff testified on March 25, 1988, that his counsel told his wife of the confidentiality provision on February 1--suggesting a confidentiality provision had been agreed upon.
 
 
 8
 The district court also properly held that plaintiff's counsel had authority to enter into a settlement agreement containing a confidentiality provision. Plaintiff testified on March 25 that he did not limit his attorney's authority to settle the case in any way and that he would have entered into a confidentiality provision. Plaintiff's attorney, moreover, testified he had been unaware of any limitation on his authority to settle the case. Under Virginia law, a principal ratifies his agent's actions if he does not disavow them. W.L. Chase & Co., Inc. v. Norfolk Nat'l Bank of Commerce and Trusts, 145 S.E. 725, 729 (Va.1928). Thus, once plaintiff was informed of his obligation not to disclose the terms of the settlement, he could not wait over a month before informing his counsel he did not have authority to enter into a confidentiality provision. Plaintiff permitted his attorney to represent both to defendant and to the court that he had power to settle the case. The question of counsel's authority to enter a settlement agreement may be one between Robbins and his attorney, but it is not one between plaintiff and defendant here. Napier v. Chesapeake & Ohio Railway Co., 582 F.2d 1344, 1346 (4th Cir.1978).
 
 
 9
 We do no more here than affirm the district court's finding that a settlement agreement between these parties, which included a confidentiality provision, has been reached. In affirming the judgment of the district court, we do not reach the question of whether there was in fact a breach of the confidentiality provision or whether such a breach would automatically result in plaintiff forfeiting his rights under the agreement. These questions were not addressed by the court below and they are not before us here.
 
 
 10
 AFFIRMED.